**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JOHN T. TAMBURO**            ) | |
| ) | |
| Plaintiff,                   ) | |
| ) | **Case No. 18 CV 03169** |
| v.                           ) | **Honorable Andrea Wood** |
| ) | |
| **ELITE AUTO CREDIT, INC.**    ) | |
| ) | |
| Defendant**.**                 ) | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, John T. Tamburo, by and through his undersigned counsel, hereby moves this Court pursuant to Fed. R. Civ. P. 37 for an order compelling discovery from Defendant Elite Auto Credit, Inc. In support of his Motion, Plaintiff respectfully states the following:

1. Plaintiff has sued Elite Auto Credit, LLC ("Defendant") for violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the Odometer Act, 49 U.S.C. §32705. Plaintiff's complaint alleges, among other things, that Defendant sold Plaintiff a red 2008 Jaguar S-Type ("the vehicle") knowing that the vehicle was in need of repairs and, in order to avoid providing Plaintiff with the benefits of the statutory warranty under the ICFA, misrepresented the vehicle's mileage on the odometer disclosure statement as being over the 150,000 mile threshold for the statutory warranty. Plaintiff further alleges that the check engine light was on when the car was test driven and that Defendant promised to repair the issues, which were represented to be nothing for Plaintiff to worry about. As a result of Defendant's conduct, Plaintiff had to pay for repairs himself, and he now has a car whose title records make it appear the odometer was rolled back, which greatly reduces its value.

2. On January 31, 2019, Plaintiff served on Defendant his Second Set of Requests for Production of Documents. (*See* Plaintiff's Second Set of Requests for Production*, Exhibit A.*)

1

3. In these requests, Plaintiff sought information on other complaints that he had learned of, in which other consumers described actions by Defendant that were similar to what Plaintiff alleged in his amended complaint. The complaints included at least two lawsuits, at least four reports filed with the Illinois Office of the Attorney General, and numerous negative online reviews, many of which contained details regarding unfair and deceptive conduct by Elite. The consumers in question complained of conduct by Elite which was similar to what happened in Plaintiff's transaction, including misrepresenting a vehicle's mileage, selling vehicles with their check-engine lights on or with other defects, promising and then failing to make necessary repairs to sold vehicles, and claiming that defects which turned out to be serious were nothing to be concerned about.

4. Defendant objected to every request and refused to produce any documents in response to the Second Document Request.

5. Plaintiff had previously sought from Defendant information regarding other complaints it had received, in his first written discovery request, in Interrogatories Nos. 4 and 7 and Document Requests Nos. 8, 9 and 11 of Plaintiff's initial written discovery, served on November 13, 2018.

6. Defendant objected to those initial requests, stating that they were not relevant, and also claimed that it had no communications with any public or private agency that receives consumer complaints concerning Defendant's sale of defective vehicles, misrepresentation of mileage, and/or other deceptive practices. (See Defendant's Amended Answers, *Exhibit B*.) Defendant further claimed that there were no judicial proceedings in which Defendant was accused of deceiving purchasers.

7. Plaintiff's counsel sent Defendant's counsel a letter pursuant to Fed. R. Civ. P. 37 on January 7, 2019 to address the concerns they had with that and other discovery responses. Plaintiff's counsel noted that they had found complaints against Defendant that were not disclosed in Defendant's responses, despite the fact that Defendant's current counsel represents Elite in two of the cases, both of which involved allegations of deceiving consumers. (*See* Plaintiff's Rule 37 Letter, *Exhibit C*.) One of the complaints Plaintiff located involved a car with under 150,000 miles that was sold without the required warranty language, and the other involved a car with undisclosed structural damage and a defective transmission. The finance company in that case is suing Elite for selling a defective car in violation of its contract with Elite.

8. Plaintiff therefore served his Second Set of Document Requests which sought documents relating to specific consumers who had raised complaints of similar deceptive conduct by Elite. On February 19, 2019, Defendant responded to Plaintiff's Second Set of Requests for Document Production. (See Defendant's Responses to Plaintiff's Second Set of Requests for Production, *Exhibit D*.) Defendant objected to each request on the basis that they were not relevant or likely to lead to relevant evidence, and that the other complaints Plaintiff sought discovery on bore no relationship to the underlying transaction in this case. Defendant's responses were accompanied by an email characterizing the requests as frivolous, among other things.

9. Plaintiff's counsel responded to Defendant's email on February 19, 2019 and explained why the documents were relevant. *Exhibit E*

10. The consumers whose transaction documents Plaintiff is seeking have complained of similar unfair and deceptive conduct, so the documents are relevant. Courts allow testimony regarding other consumers who have been mistreated in a similar manner in Consumer Fraud Act cases. *In re Hernandez*, 452 B.R. 709, 717-8 (Bankr.N.D.Ill. 2011) (describing testimony of other

consumers who had previously dealt with defendant and filed complaints with the Attorney General's office). As the Court noted in *Hernandez*, "while evidence of other wrongs or acts "is not admissible to prove the character of a person in order to show action in conformity therewith," it may be admissible "for other purposes, such as proof of ... intent, ... knowledge, ... or absence of mistake or accident..." *Hernandez*, 452 B.R. at 721. Evidence of prior complaints of similar bad acts is admissible to show intent and for assessing damages, and courts have regularly allowed discovery into such matters. *See Bach v. First Union Nat. Bank*, 149 Fed.Appx. 354, 365 (6th Cir. 2005) (evidence of other FCRA violations relevant to for award of punitive damages); *Dixon-Rollins v. Experian Info. Solutions, Inc.*, 2010 WL 3749454, *10 (E.D. Pa. Sep. 23, 2010) (fact that Trans Union was repeatedly warned about same practice supported punitive damages award); *Twyman v. S&M Auto Brokers,* 2016 WL 6082357, *5-6 (N.D. Ill. 2016) (In a case brought under the Illinois Consumer Fraud and Deceptive Business Practices Act and Odometer Act, consumer complaints about defendant car dealer to the Illinois Attorney General were relevant to establish defendant's pattern and practice of concealing vehicle defects.) The evidence is also relevant to proving bad faith under the Odometer Act and to the issue of punitive damages under the Illinois Consumer Fraud Act.

11. One example of the relevance of the documents involves consumer Edith Simpson, who filed a pro se complaint against Elite. Defendant's finance manager admitted in a deposition that defendant sold a car as is to consumer Edith Simpson because they knew that particular type of car would be expensive to repair. The documents show that the mileage on her car was below 150,000 when she purchased it, which made that illegal under the Consumer Fraud Act. Plaintiff is entitled to obtain the other documents related to her transaction to prove that the Simpson transaction involved a similar attempt to evade coverage of the Illinois statutory warranty.

12. Plaintiff's counsel received no response to her February 19, 2019 email, and in an attempt to resolve the disputes, on March 4, 2019, Plaintiff offered to limit the requests to Document Request Nos. 1, 2, 3, 4, 6, 7, 9 and 10. *Exhibit F*. Defendant responded to that email with arguments about the merits of the case, which were all based on the assumption that only Defendant's testimony will be considered. Plaintiff's counsel addressed the issues raised by Defendant on March 6, 2019, and once again requested that Defendant produce the documents. *Exhibit G.*

13. Plaintiff's counsel states that on March 7, 2019, at 2:55pm, pursuant to Local Rule 37.2, Plaintiff's counsel Isabella Janusz had a conference by phone with Defendant's counsel, Carol Oshana, in an attempt to resolve the dispute. However, after good faith efforts to resolve the parties' differences, the parties were unable to reach an accord, and Defendant continues to refuse to produce any documents in response to the Second Document Request.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an order requiring Defendant to produce documents in response to Document Request Nos. 1, 2, 3, 4, 6, 7, 9 and 10 of Plaintiff's Second Set of Requests for Production within seven days.

Respectfully submitted,

*s/Isabella M. Janusz*
Isabella M. Janusz

Daniel A. Edelman
Tara L. Goodwin
Isabella M. Janusz
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200

(312) 419-0379 (FAX)
Email address for service: <u>courtecl@edcombs.com</u>

6

**CERTIFICATE OF SERVICE**

   I, Isabella M. Janusz, hereby certify that on March 8, 2019, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which sent notice to all parties of record.

                *s/Isabella M. Janusz*
                Isabella M. Janusz


Daniel A. Edelman
Tara L. Goodwin
Isabella M. Janusz
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)